IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY BERRY | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN WETZEL, et al. | : | |
|     Respondents. | : | NO.  13-3486 |

## REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

      Pending before this court is a petition for Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254 by a petitioner currently incarcerated at State Correctional Institution-Graterford in Graterford, Pennsylvania.  For the following reasons, it is recommended that the petition be STAYED and held in ABEYANCE pending the state court's consideration of petitioner's claim.

I.      PROCEDURAL HISTORY

      On September 22, 1995, after a jury trial in the Court of Common Pleas of Philadelphia County, petitioner was found guilty of second degree murder, robbery, and related charges and was sentenced to a term of life imprisonment.  See § 2254 Habeas Pet. 6/18/13. Petitioner filed a direct appeal, and on April 3, 1997, the Superior Court of Pennsylvania affirmed petitioner's judgment of sentence.  See Commonwealth v. Berry, No. 3360 PHL 1997 (Pa. Super. Ct. 1997).  The Supreme Court denied allocator on October 2, 1997.  See Commonwealth v. Berry, No. 198 EAL 1997 (Pa. 1997).  Petitioner subsequently filed *pro se* petitions for state collateral relief pursuant to Pennsylvania's Post Conviction Relief Act

("PCRA"), which were denied.  See § 2254 Habeas Pet. 6/18/13 at ¶ 4; Resp. to Habeas Pet. 8/29/13, Exh. A.

On August 23, 2012, petitioner filed a PCRA petition alleging his sentence violated the *Eighth Amendment* as announced by the Supreme Court of the United States in Miller v. Alabama, 132 S. Ct. 2455 (2012).[1]  See Resp. to Habeas Pet. 8/29/13, Exh. B (State Docket No. CP-51-CR-1104081-1994).  At the date of this report and recommendation, petitioner's PCRA claim is still pending in state court.

Petitioner filed the instant petition for writ of habeas corpus with the assistance of counsel on June 18, 2013.  Petitioner raises one claim, alleging his sentence violates the *Eighth Amendment's* prohibition on cruel and unusual punishment.  See § 2254 Habeas Pet. 6/18/13.  Petitioner was born on September 12, 1977 and was arrested on November 1, 1994 for a crime that alleged to have been committed on August 10, 1994 when petitioner was sixteen years old.  Id. at ¶ 2.  Petitioner was sentenced to a mandatory sentence of life imprisonment pursuant to 61 Pa. C.S. 331.21 (1979).  Id.

After review of the state court records, this court finds that petitioner has failed to exhaust his state court remedies due to petitioner's pending PCRA petition.  We recommend that petitioner's habeas petition be stayed while petitioner exhausts the state review process on his

---

[1] On June 25, 2012, the Supreme Court of the United States held that sentencing schemes that mandate life without parole for those under the age of eighteen at the time of the offense violate the *Eighth Amendment's* prohibition on "cruel and unusual punishment."  Miller v. Alabama, 132 S. Ct. 2455, 2461 (2012).  The Supreme Court's holding in Miller does not categorically bar sentencing minors to life imprisonment.  Id. at 2471.  Rather, Miller requires the trial court to follow a certain process of considering the defendant's youth and attendant characteristics before imposing a life sentence without parole and prohibits a mandatory sentencing scheme that does not take into account such factors.  Id. at 2471.  As a result of Miller, the Pennsylvania legislature has amended state sentencing laws; however, the amendments only apply to individuals convicted after June 24, 2012.  See 18 Pa. C.S.A. § 1102.1(c)(1) (2013).

pending claim.

II.     EXHAUSTION

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise by any available procedure the question presented. 28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989). In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845. A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which demands in turn that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983).

In the case at bar, petitioner's claim is still pending in the PCRA court. Petitioner's PCRA claim presents the substantially equivalent claim alleging his sentence to life imprisonment without parole when he was under the age of eighteen at the time of the crime was determined to be unconstitutional by the Supreme Court of the United States in Miller v. Alabama. See § 2254 Habeas Pet. 6/18/13. Petitioner's claim will not be exhausted until petitioner invokes one complete round of appellate review at the state level. See O'Sullivan, 526 U.S. at 845. Here, petitioner has failed to exhaust his state law remedies because his petition is still pending before the PCRA court. See Castille, 489 U.S. at 350. This court will not grant habeas review or relief until petitioner has completed appellate review at the state level. See

O'Sullivan, 526 U.S. at 842. As such, the instant habeas petition is premature.

The PCRA court was presumably holding the PCRA petition pending the Supreme Court of Pennsylvania's decision on whether the rule in Miller should be applied retroactively for purposes of state collateral review. See Commonwealth v. Cunningham, 51 A.3d 178 (Pa. 2012) (granting review to decide the issue of retroactivity). While this court recognizes that the Supreme Court of Pennsylvania recently held that Miller does not apply retroactively, Commonwealth v. Cunningham, No. 38 EAP 2012 (Pa. Oct. 30, 2013), petitioner's PCRA petition remains pending in state court, and could be affected should a Writ of Certiorari be sought in Cunningham within 90 days, or other federal authority issue regarding retroactivity. Again, until the PCRA is decided, it is a pending petition and petitioner's claims here remain unexhausted.

III.     STAY AND ABEYANCE

Although petitioner did not file a motion to stay, respondents do not oppose a stay order and the court shall address whether it is appropriate to stay the instant habeas petition while petitioner proceeds with his PCRA petition in state court. See Resp. to Habeas Pet. 8/29/13 at 2. The stay and abeyance procedure holds a federal habeas petition pending exhaustion of state remedies by the petitioner. Rhines v. Weber, 544 U.S. 269 (2005). While granting a stay and abeyance is an available procedure, it is not a preferred course of action. Id. Because a "stay and abeyance" procedure, if used too frequently, can undermine the policies favoring prompt and orderly resolution of state habeas petitions, the Supreme Court held that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. However, the Supreme Court also did not limit the authority to grant a stay to specific scenarios; rather, the

district court must determine whether the petitioner "satisfied the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009).

Petitioner has met the requirements of Rhines for grant of a stay because there is good cause for failure to exhaust his state remedies as mentioned above. See Heleva, 581 F.3d at 192. Petitioner filed a PCRA petition two months after the announcement of the Miller decision and protectively filed the instant habeas petition. Under these circumstances a stay is warranted to allow petitioner to return to federal court in the event that petitioner does not prevail on state collateral review. Moreover, petitioner has raised a potentially meritorious *Eighth Amendment* claim. See Heleva, 581 F.3d at 192. Petitioner was under the age of eighteen at the time of petitioner's crime and he received a sentence of mandatory life without parole. Finally, there is no indication that petitioner has engaged in "intentionally dilatory litigation tactics" and respondents do not oppose a stay order. See id.

As such, we recommend that the instant habeas petition should be stayed pending the exhaustion of petitioner's state remedies. Nonetheless, a stay must not be indefinite and reasonable time limits should be placed on petitioner's ability to return to federal court. Rhines, 544 U.S. at 277. If petitioner fails to return to federal court within forty-five (45) days following the conclusion of petitioner's state court proceedings, we recommend the stay and abeyance order be vacated and petitioner's habeas petition be dismissed without prejudice.

Therefore, we make the following:

RECOMMENDATION

AND NOW, this **26th** day of November, 2013, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be STAYED and held in ABEYANCE while petitioner exhausts his state claims. Further, there is no probable cause to issue a certificate of appealability.

BY THE COURT:


\_/s/ LINDA K. CARACAPPA _____
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE